IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No. 3:10-112-JFA |
|---|---|---|
| v. | ) | ORDER |
| PATRICK LEWIS PARKS | ) | |

This court denied the defendant's motion for a reduction of his sentence which was made pursuant to 18 U.S.C. § 3582 and in light of Amendment 750 to the United States Sentencing Guidelines.

The defendant has now filed a motion to reconsider this court's denial of his § 3582 motion. As set out in this court's order of January 17, 2012, because the defendant was classified as a career offender, Amendment 750 did not have the effect of lowering the guideline range in his case. Thus, the court denied the defendant's original § 3582 motion.

The defendant now contends that because his offenses were committed *prior* to August 3, 2010 (the effective date of the Act), and he was sentenced *after* such date on October 6, 2010, that he must be resentenced under the newly enacted provision of 21 U.S.C. § 841(b). Defendant relies on the unpublished Fourth Circuit case of *United States v. Holmes*, 2011 U.S. App. Lexis 20834 (No. 10-5083) in support of his argument that he should be resentenced under the Act.

In *Holmes*, the defendant's sentence was vacated so that the district court could resentence him under the FSA. In this case, the defendant suggests that the Act "reduced his offense statute under 28 U.S.C. Section 841(a) and (b)(1)(B)... to 841(b)(1)(c)," which reduced the amount of time he was originally exposed to. The defendant's argument is

1

misplaced. While the defendant was awarded a three-level decrease in his sentence for acceptance of responsibility, that does not alter the fact that he was sentenced as a career offender. Nor does is alter the criminal statute under which he was originally convicted.

At sentencing, the defendant's base offense level was 26, plus 2 for reckless endangerment for a total of 28. Because he was determined to be a career offender, his offense level increased to 34. He then received a 3-level decrease for acceptance of responsibility, leaving him with an offense level of 31. His range at sentencing was 188 to 235 months and the court sentenced him to 188 months. The defendant's new guideline range under Amendment 750 is the same: 188 to 235 months. Because the range did not change from the original sentencing to application of the FSA, it did not have the effect of lowering his guideline range.

As the Presentence Report noted, while the defendant's guideline range was calculated based on the quantity of crack attributed in this case, there is no sentencing disparity cause between crack cocaine and cocaine, as his guideline sentence was determined by his status as a career offender, pursuant to U.S.S.G. § 4B1.1. (PSR at ¶ 82).

Finding no grounds for disturbing the court's earlier ruling, the motion to reconsider (ECF No. 86) is denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 12, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge